**FILED**
**Dec 21, 2021**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **COURTNEY LEE,** | ) | **Docket No. 2020-08-0214** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FEDERAL EXPRESS CORP.,** | ) | |
| **Employer,** | ) | **State File No. 109468-2019** |
| **and** | ) | |
| **INDEMNITY INS. CO. OF NORTH** | ) | |
| **AMERICA,** | ) | |
| **Carrier.** | ) | **Judge Deana Seymour** |

## COMPENSATION ORDER

Courtney Lee injured her neck and back pulling a box. The authorized physician treated Ms. Lee conservatively for cervical and lumbar strains but could not find anything objective to explain her ongoing complaints. Ms. Lee sought additional medical, temporary disability, and permanent disability benefits, and the Court held a Compensation Hearing on December 10, 2021. Based on the proof, the Court awards medical benefits to the extent Ms. Lee's compensable injury requires additional treatment but denies her request for temporary and permanent disability benefits.

### History of Claim

Ms. Lee injured her neck and back pulling a box at work on November 2, 2019. She received conservative treatment with a nurse practitioner, who referred her to an orthopedist. Federal Express offered a panel, and she chose Dr. Frederick Wolf.

Dr. Wolf treated Ms. Lee with medication, physical therapy, and restricted duty. He ordered x-rays and MRIs, which were normal except for pre-existing mild facet arthropathy. Dr. Wolf found nothing to explain Ms. Lee's complaints of arm and leg numbness, so he returned her to full duty in December 2019.

1

Ms. Lee next saw Dr. Wolf in January 2020. She told Dr. Wolf she reinjured her back when she returned to work. He ordered an MRI of her pelvis and thoracic spine, a repeat MRI of her lumbar spine, and an EMG nerve conduction study of both upper and lower extremities. All test results were within normal limits.

Dr. Wolf released Ms. Lee at maximum medical improvement on January 23 due to no objective findings that her condition is work-related. He did not assign restrictions, and he noted he had nothing further to offer. Later, in a C-32, Dr. Wolf determined that Ms. Lee retained no permanent impairment. However, he wrote that lifting a box at work was, more likely than not, "primarily responsible for the injury or primarily responsible for the need for treatment."

Ms. Lee disagreed with Dr. Wolf's diagnoses and disability conclusion and sought unauthorized treatment for her ongoing symptoms. Records from Delta Health Center suggested she was diagnosed with cervical and lumbar radiculopathy. However, she did not obtain a C-32 or deposition from her unauthorized providers to causally relate these conditions to her work injury.

Ms. Lee testified that she continues to suffer pain in her neck, back, and legs. She has been referred for further diagnostic testing and treatment, but she cannot afford to pay out-of-pocket. She maintained that she still does not know what is wrong with her, and she asked the Court to order benefits so she could find out.

Federal Express did not dispute the work incident occurred but argued that Ms. Lee's current need for treatment did not relate to it. Further, Federal Express relied on Dr. Wolf's conclusions that Ms. Lee could return to full-duty work and retained no permanent impairment. It argued that it provided all benefits the law required, including medical and temporary disability benefits while Ms. Lee was under the care of authorized providers.

## Findings of Fact and Conclusions of Law

Ms. Lee must prove all elements of her claim by a preponderance of the evidence at a Compensation Hearing. Tenn. Code Ann. § 50-6-239(c)(6) (2021).

To obtain the requested relief, she must prove that her current condition arose primarily from work. Specifically, this means she must show "to a reasonable degree of medical certainty that the [incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C). Medical evidence is generally required to prove a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Berdnik v. Fairfield Glade Com'ty Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10-11 (May

2

18, 2017). The Court finds Ms. Lee's alleged injury is not routine, and medical evidence is required to show a causal relationship.

Here, Dr. Wolf related Ms. Lee's injury to her employment. His C-32 stated that Ms. Lee's employment activity of lifting a box at work was, more likely than not, "primarily responsible for the injury or primarily responsible for the need for treatment." Of import, Dr. Wolf's opinion is presumed correct because Ms. Lee chose him from a panel. *See* Tenn. Code Ann. § 50-6-102(14)(E). Therefore, Ms. Lee is entitled to continuing medical treatment with Dr. Wolf for any work-related condition.

Turning to Ms. Lee's request for temporary disability benefits, she must show (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). However, Ms. Lee has not provided evidence to satisfy these factors. Based on the medical evidence, her unauthorized providers never took her off work or placed her under restrictions. When she was taken off work and placed on restrictions shortly after her accident, she received disability benefits while she treated with her authorized providers.

Moreover, Dr. Wolf returned her to full-duty work in December 2019 and then placed her at maximum medical improvement on January 23, 2020. Temporary disability benefits end upon returning to work or reaching maximum medical improvement. *Jewell v. Cobble Const. & Arcus Restoration*, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21-22 (Jan. 12, 2015). Ms. Lee has not provided any medical proof to oppose Dr. Wolf's determinations regarding her return to work or maximum medical improvement date. Thus, she has not shown she is entitled to additional temporary disability benefits.

Further, she has not proven entitlement to permanent disability benefits. The only medical proof on permanent impairment is Dr. Wolf's C-32, which concluded that Ms. Lee retains no permanent impairment. Therefore, the Court cannot award her permanent disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Federal Express shall continue to provide medical treatment with Dr. Frederick Wolf for any work-related condition as provided by Tennessee Code Annotated section 50-6-204.

2. Ms. Lee's request for temporary and permanent disability benefits is denied.

3. Federal Express shall prepare and file a statistical data form SD2 within ten business days of the date of this order.

3

4. The filing fee is taxed to Federal Express under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (August 2019), which shall be paid within five business days of entry of this order.

5. Unless appealed, this order shall become final thirty days after issuance.

**ENTERED December 20, 2021.**

_____
**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

APPENDIX

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice (filed August 13, 2020)
3. Request for Expedited Hearing, along with Ms. Lee's affidavit
4. Expedited Hearing Order Denying Requested Relief
5. Scheduling Order
6. Employer's Motion for Summary Judgment
7. Order Denying Request to Set Hearing
8. Employee's Pre-Hearing Statement (Two filings)
9. Employee's Request for Stipulations
10. Pre-Hearing Conference Order
11. Employee's Pre-Hearing Statement (Addendum)
12. Employee's Witness List
13. Employer's Pre-Hearing Statement, along with Employer's Exhibit and Witness Lists
14. Dispute Certification Notice (filed November 9, 2021)

Exhibits
1. Delta Health Center record dated April 7, 2020
2. Delta Health Center lab record dated December 7, 2021
3. Earning records (Collective)
4. South Sunflower County Hospital record dated March 13, 2020
5. Excerpts from Exhibit A to Federal Express's Motion for Summary Judgment
6. Employment records from Federal Express related to its termination procedure (Collective)
7. Bolivar County Summons to Tenant

8. DeSoto Family Medical Center record dated November 12, 2019
9. Delta Health Center records (Collective)
10. Dr. Wolf's C-32 Final Medical Report
11. Delta Health Center record dated April 7, 2021
12. Emails between Ms. Lee and Sedgwick from TNComp filing 61228 (filed September 6, 2021) and Emails between Ms. Lee and OrthoSouth and Sedgwick from TNComp filing 61114 (filed August 31, 2021) (Collective)
13. Wage Statement
14. Choice of Physician Form with emails between Ms. Lee and adjuster
15. DeSoto Family Medical Center records from Federal Express's Medical Record Designation
16. OrthoSouth records from Federal Express's Medical Record Designation
17. MidSouth Imaging records from Federal Express's Medical Record Designation
18. Dispute Certification Notice dated November 9, 2021

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as shown on December 21, 2021.

| Name | Certified Mail | USPS | Email | Service sent to: |
|---|---|---|---|---|
| Courtney Lee, Self-Represented Employee | X | X | X | Courtney Lee 506 Yale Street Cleveland, MS 38732 clee32102@gmail.com |
| Preston Dennis, Employer's Attorney | | | X | preston@thehuntfirm.com |

_____
**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**

5



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee
Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*